WESTERN DIST.
September, 1840.
───────
O'BRIEN'S HEIRS
vs.
SMITH.

─────────

## O'BRIEN'S HEIRS *vs.* SMITH.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where the evidence shows that the ancestor of the plaintiffs had sold and transferred his interest in a settlement right, or tract of land, five years before its confirmation by the government, although confirmed in his name, it enures to the benefit of the transferee, and the heirs of the original grantee cannot recover it.

This is an action for the possession of a tract of land, for damages, and for waste committed thereon. The plaintiffs allege they are owners, with a good title, of a tract of six hundred and forty acres, on the Bayou Teche, and that the defendant has entered thereon, and committed great waste. They pray judgment for damages, and to be quieted in their possession.

The defendant denies generally, and avers he holds the

land by a good title, and has been in possession under it for more than ten or twenty years. That he derives title to one half of said land, from M. Carroll, and the other, by a sale duly recorded, from John B. Bemus. He prays that these be cited in warranty, and that he have judgment in his favor.

The facts of the case are fully stated in the opinion of this court.

There was judgment rejecting the plaintiffs' claim, and quieting the defendant in the possession of the land claimed; and the plaintiffs appealed.

*Splane,* for plaintiffs, submitted the case with a brief explanation.

*Dwight,* for the defendant.

*Garland, J.,* delivered the opinion of the court.

This is a petitory action, instituted by the plaintiffs, as heirs of Christopher O'Brien, deceased, to recover a tract of land, situated in the parish of St Mary, on the right bank of the Bayou Teche, or Atchafalaya, containing six hundred and forty acres, which they say was confirmed to them, in 1812, by the commissioners appointed to ascertain the rights of persons to lands, in the western district, in the territory of Orleans, by virtue of a "settlement and cultivation, on and prior to the 20th day of December, 1803, by said O'Brien, or those claiming under him, with the permission of the proper Spanish officer." This is a title arising under the 2d section of an act of congress, approved the 2d March, 1805, entitled, "an act for ascertaining and adjusting titles and claims to land, within the territory of Orleans, and district of Louisiana," and the 1st and 2d sections of an act supplementary thereto, approved, April 21st, 1806. See vol. 1st, laws relating to the public lands, 518, 532. The second section, of the first act gave to every person, or their legal representative, who was the head of a family or twenty-one years of age, who had settled on the public domain prior to the 20th

WESTERN DIST.
September, 1840.
───────────
O'BRIEN'S HEIRS
vs.
SMITH.

of December, 1803, with the permission of the proper Spanish officer, and according to the laws, usages and customs of the Spanish government, and who actually inhabited and cultivated the same on the day aforesaid, a right to a tract of land, not exceeding six hundred and forty acres; and there is a proviso to said section, which says, but one grant of this description shall be màde to the settler, and further, that the donation shall not be made to any person who claims any other tract of land in the territory, by virtue of a French or Spanish grant. The object of the law is palpable. It was to give a home to such persons as had none before; and the ancestor of the plaintiffs having availed himself of its provisions, shows, beyond question, that he had no other land. If he had, and concealed it, the title now set up, was obtained improperly.

On the 26th day of June, 1807, the ancestor of the plaintiffs, sold to Thomas Berwick, all his right, title, claim and pretensions, to a certain piece or parcel of land, lying and being in the parish of Attakapas, situated on the south side of the Bayou Teche, adjoining the land now claimed by Talmadge Dunleavy, above, and extending downwards to the extent of said claim, which is six hundred and forty acres, arising on improvement, together with all improvements. This is the description as given in the deed, and by reference to the certificate of confirmation, it will be seen the description is the same. The words are, "situate in the county of Attakapas, on the right or south side of the Bayou Teche, bounded on the upper side, by land claimed by Talmadge Dunleavy, giving so much front on said Bayou as will, with the depth of forty arpents, include the quantity above expressed." There cannot be a doubt that the two descriptions apply to the same tract of land. From Berwick, the defendant claims title by several mesne conveyances, about which there is no dispute. The plaintiffs say the tract of land mentioned in the deed, is not the same as that confirmed by the commissioners; we believe it is. They further say, as the title was confirmed to them in 1812, they are entitled to it; we do not think so. Whatever title they had, was derived

Where the evidence shows that the ancestor of the plaintiffs had sold and transferred his interest, in a settlement right, or tract of land, five years before its confirmation by the government, although confirmed in his name, it enures to the benefit of the transferee, and the heirs of the original grantee, cannot recover it.

from their father, and he had, five years before, sold all his rights. They are his heirs, and bound to guarantee the title to Berwick; and, therefore, if there were any defects in it, which they have supplied, it enures to Berwick, and his vendees, and is a protection to the plaintiffs. It was, and is now, a common practice to present titles to the land officers, in the names of the original grantees, or their legal representatives, and so have them confirmed. In general, it is most prudent for those officers to act on them in that way, and leave the claimants to share their titles, from the grantee, in the ordinary way. It saves much labor, and often prevents injustice from the exparte examination of numerous and complicated questions of law and fact.

We are of opinion, that the plaintiffs have no ground of action, and, therefore, affirm the judgment of the District Court, with costs.